IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| KATHY J. BARRETT, | * |
| Plaintiff, | * |
| v. | * |
| NATIONAL CENTER FOR CHILDREN AND FAMILIES, *et al* | * |
| | Civil Action No.: CCB03CV151 |
| | * |
| Defendants. | |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS' ANSWER TO COMPLAINT**

Defendants National Center for Children and Families, Inc. ("the National Center") and Sheryl Brissett-Chapman, by and through their undersigned counsel, hereby file their Answer to Plaintiff's Complaint and state as follows:

**I.   JURISDICTIONAL ALLEGATIONS**

1. Defendants admit the allegations of Paragraph 1 of the Complaint.

2. Defendants admit the allegations of Paragraph 2 of the Complaint.

3. Defendants admit the allegations of Paragraph 3 of the Complaint.

4. Defendants state that Paragraph 4 of the Complaint purports to be a description of the nature of Plaintiff's Complaint and that, as said paragraph contains no allegations of fact, Defendants can neither admit nor deny said paragraph. To the extent any of the descriptive language in Paragraph 4 is construed to be an allegation of fact, Defendants deny each and every allegation of fact in said paragraph.

5. In response to the allegations contained in Paragraph 5 of the Complaint, Defendants state that they can neither admit nor deny any of the allegations therein as the allegations in Paragraph 5 are not allegations of fact but merely statements of proposed jurisdiction. Without prejudice to Defendants' affirmative defenses set forth herein below, Defendants admit that Plaintiff's allegations as contained in Paragraph 5 of the Complaint set forth federal statutes upon which this Court could exercise subject matter jurisdiction provided Plaintiff could state facts sufficient to establish a claim upon which relief may be granted.

6. Defendants admit the allegations of Paragraph 6 of the Complaint.

7. Defendants deny the allegations of Paragraph 7 of the Complaint and state that the Baptist Home for Children changed its name to the National Center for Children and Families effective January 1, 2001.

8. Defendants admit the allegations of Paragraph 8 of the Complaint, except that Plaintiff was promoted on February 1, 1999.

9. Defendants deny the allegations of Paragraph 9 of the Complaint.

10. Defendants deny for lack of knowledge and belief the allegations of Paragraph 10 of the Complaint.

11. Defendants deny the allegations of Paragraph 11 of the Complaint.

12. Defendants deny the allegations of Paragraph 12 of the Complaint.

13. Defendants deny the allegations of Paragraph 13 of the Complaint.

14. Defendants deny the allegations of Paragraph 14 of the Complaint.

15. Defendants admit the allegations of Paragraph 15 of the Complaint.

16. Defendants deny the allegations of Paragraph 16 of the Complaint.

17. Defendants deny the allegations of Paragraph 17 of the Complaint.

18. Defendants admit that Plaintiff took sick days commencing on January 28, 2002 and that, upon Plaintiff's return, it was requested that she submit a medical release. Defendants deny the remaining allegations of Paragraph 18 of the Complaint.

19. Defendants admit the allegations of Paragraph 19 of the Complaint.

20. Defendants admit that after February 4, 2002 Plaintiff's computer access was restricted and work files were transitioned to other members of the staff. Defendants deny the remaining allegations of Paragraph 20 of the Complaint.

21. Defendants admit the allegations of Paragraph 21 of the Complaint, and state that the EEOC concluded that there was no probable cause to believe that Plaintiff was discriminated against.

22. Defendants deny the allegations of Paragraph 22 of the Complaint.

## COUNT I

23. Defendants incorporate their responses to the allegations of the preceding paragraphs as if fully set forth herein.

24. Defendants admit that the ADA prohibits discrimination against a qualified individual with a disability and deny the remaining allegations of Paragraph 24 of Plaintiff's Complaint.

25. Defendants deny that Plaintiff has a disability, but admit the remaining allegations of Paragraph 25 of the Complaint.

26. Defendants deny the allegations of Paragraph 26 of the Complaint.

27. Defendants deny the allegations of Paragraph 27 of the Complaint.

## COUNT II

28. Defendants incorporate their responses to the allegations of the preceding paragraphs as if fully set forth herein.

29. Defendants admit the allegations of Paragraph 29 of the Complaint.

30. Defendants deny the allegations of Paragraph 30 of the Complaint.

31. Defendants admit that Plaintiff was a covered employee under FMLA, but deny that she took "medical leave" or suffered from a serious health condition.

32. Defendants deny the allegations of Paragraph 32 of the Complaint.

33. Defendants deny the allegations of Paragraph 33 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

34. Plaintiff's Complaint fails to state a cause of action as to which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

35. Plaintiff failed to provide Defendants with sufficient notice of the need for FMLA leave as required by the statute.

## THIRD AFFIRMATIVE DEFENSE

36. Plaintiff's employment was terminated for a legitimate business reason unrelated to any medical condition from which she may have suffered.

## FOURTH AFFIRMATIVE DEFENSE

37. If Plaintiff took FMLA leave, which is not hereby admitted, Plaintiff would have been terminated even if FMLA leave had not been taken.

### FIFTH AFFIRMATIVE DEFENSE

38. Even if Plaintiff was entitled to recover for any loss suffered or sustained as alleged in the Complaint, although such is not admitted hereby or herein, Plaintiff had the duty to mitigate any damages she allegedly suffered. Plaintiff has failed to fulfill her duty to so mitigate her damages.

**WHEREFORE,** Defendants pray that Plaintiff take nothing by her claims and that Defendants may recover their costs incurred herein. Further Defendants request that they be awarded reasonable attorneys' fees expended in defending this matter and for other and further relief as the Court deems just.

**Dated:** April 4, 2003             Respectfully submitted,

**KRUCHKO & FRIES**

By:  _____/ s /_____
    Jay R. Fries
    Federal Bar No. 01234

Suite 305
600 Washington Avenue
Baltimore, Maryland 21204
(410) 321-7310

Counsel for Defendants, National Center for Children
  and Families, Inc. and Sheryl Brissett-Chapman